# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-6573-GW(CWx) | Date | December 1, 2011 |
| Title | Anna Zilberman v. Greenpoint Mortgage Funding, Inc., et al. | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Michael E. Thompson                Jessica A. Roberts

**PROCEEDINGS:** DEFENDANTS JPMORGAN CHASE BANK, N.A. AND THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (filed 10/28/11)

Court hears oral argument. The tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants JPMorgan Chase Bank, N.A., and the Bank of New York Mellon's Motion to Dismiss the First Amended Complaint is **GRANTED WITHOUT LEAVE TO AMEND** as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The motion to dismiss is also granted as to the declaratory relief claim, but with leave to amend in the future. Otherwise, the motion to dismiss is **DENIED.** Defendants will have until January 5, 2012 to respond to the First Amended Complaint.

: 05

Initials of Preparer  JG

<u>*Zilberman v. Greenpoint Mortgage Funding, Inc., et al.*</u>, Case No. CV-11-6573
Tentative Ruling on Motion to Dismiss the First Amended Complaint

**I. Background**

The First Amended Complaint ("FAC") in this foreclosure-related case – brought by plaintiff Anna Zilberman ("Plaintiff") against Greenpoint Mortgage Funding, Inc. ("Greenpoint"), The Bank of New York Mellon, as successor-in-interest to JPMorgan Chase Bank, N.A., as trustee for Structured Asset Mortgage Investments II trust 2006-AR8, Mortgage Pass-Through Certificates, Series 2006-AR8 ("BONY"), and EMC Mortgage Corporation ("EMC") – contains seven claims for relief: 1) declaratory relief, 2) violation of 15 U.S.C. § 1692, et seq., 3) violation of 15 U.S.C. § 1641(g), 4) violation of 12 U.S.C. § 2605, 5) violation of California Business and Professions Code section 17200, et seq., 6) breach of contract, and 7) breach of the implied covenant of good faith and fair dealing.

Greenpoint was the original beneficiary of a promissory note that Plaintiff executed on January 24, 2006 in connection with her mortgage. *See* FAC ¶¶ 1, 15. Plaintiff believes that shortly after the origination of her loan, Greenpoint attempted to sell her loan to another entity or entities, in particular the Structured Asset Mortgage Investments II Trust 2006-AR8 ("Structured Asset Trust"). *See id.* ¶¶ 16-17. However, Plaintiff alleges that Greenpoint never properly effectuated the sale or transfer of the loan to the Structured Asset Trust or to any defendant. *See id.* ¶¶ 17-22, 32-33, 38, 47. Nevertheless, defendants have made numerous attempts to collect on the loan. *See id.* ¶¶ 23, 57-60. The defendants attempted to cover up their earlier failed transfer by executing and filing a fabricated Assignment of Trust to BONY on September 28, 2010. *See id.* ¶¶ 25-26, 33, 48. Plaintiff did not receive proper notice of this Assignment. *See id.* ¶¶ 74, 78-82.

After believing at first that she should be making her mortgage payments to BONY and EMC, Plaintiff stopped making payments at some point in time in 2010 when she experienced an unforeseen economic hardship. *See id.* ¶¶ 27-28. At some point in time in 2010, Plaintiff initiated loan modification efforts with EMC, but received no word

1

about its progress despite contacting EMC several times. *See id.* ¶ 28. Concerned that she was not given any updates regarding her modification efforts, she initiated this lawsuit to determine who her true creditor is. *See id.* ¶ 29.

Plaintiff also sent a "Qualified Written Request" ("QWR") letter to EMC on or about December 22, 2010, requesting the complete life of her loan transaction history. *See id.* ¶¶ 30, 89, 91. EMC did not respond until April 5, 2011, and the note EMC did eventually provide had no endorsements to the Structured Asset Trust, BONY, or any other entity. *See id.* ¶¶ 30-31.

Plaintiff further alleges that, even if BONY is the proper assignee of her note and loan, BONY and/or EMC breached the Deed of Trust she executed in connection with her mortgage by improperly crediting and debiting her account. *See id.* ¶¶ 130, 141, 146. Specifically, she alleges payments were not applied in accordance with the payment priority established by section 2 of the Deed of Trust. *See id.* ¶¶ 134, 136.

Plaintiff claims she has been damaged by the aforementioned acts by making payments based on the fraudulent representations concerning her account, by the effect on her credit and credit score, by having title to her home slandered and clouded, and by subjecting her to "double financial jeopardy" because she does not know who the current beneficiary of her note and mortgage actually is. *See id.* ¶¶ 39-42, 69, 84, 98, 139, 149. She claims that she is ready, willing and able to unconditionally tender her obligation. *See id.* ¶ 43.

BONY and JPMorgan Chase Bank, N.A., as successor in interest to EMC Mortgage LLC, formerly known as EMC ("Chase" and, together with BONY, "Movants"), now move to dismiss the FAC.

## II. Analysis

### A. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual

allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases").

The challenges to several of Plaintiff's claims are easily resolved. The Court will therefore turn to those claims first.

B. <u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

First, Plaintiff has effectively no response to Movants' argument that her claim for breach of the implied covenant of good faith and fair dealing simply duplicates her breach of contract claim, and should be dismissed for that reason. *Compare* FAC ¶¶ 134, 136, 138 *with id.* ¶¶ 146-47. In her Opposition, Plaintiff merely attempts to explain the claim with different word-and-phrase choices than she uses in connection with her breach of contract claim. This cannot hide the fact that the claims are duplicative and the implied covenant claim is superfluous and should be dismissed without leave to amend. *See Careau & Co. v. Security P. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990) ("If the allegations [in support of an implied covenant claim] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same

3

damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

C. Violation of 15 U.S.C. § 1641(g) and Bus. & Prof. Code § 17200

Plaintiff's third claim for relief is premised upon BONY's alleged violation of 15 U.S.C. § 1641(g), which requires the new owner or assignee of a mortgage loan to notify the borrower in writing of the transfer of the mortgage loan to it, along with certain other information, and which became effective May 20, 2009. See FAC ¶¶ 72-74, 78-82. Non-compliance with section 1641(g) opens a responsible defendant up to civil liability for actual damages, statutory damages, attorney's fees and costs. See 15 U.S.C. § 1640(a).

Citing only section 1640(a)(1) and *Beall v. Quality Loan Serv. Corp.*, No. 10-CV-1900 (AJB)(WVG), 2011 U.S. Dist. LEXIS 76785 (S.D. Cal. July 15, 2011), Movants argue that Plaintiff must allege actual harm or damages in order to state a claim under section 1641(g). Notwithstanding that she actually *has* alleged such harm/damages, *see* FAC ¶ 84, Movants argue that Plaintiff has not pled facts actually linking any failure to make the section 1641(g) disclosure with her failure to pay her mortgage.[1] Even if the Court were to agree with Movants in that regard (which might in itself be difficult on a Rule 12(b)(6) motion), the suggestion that actual harm/damages must be alleged is a curious one at best.

The *Beall* decision is not alone in its assertion that where actual damages are lacking, a plaintiff cannot state a claim under section 1641(g). *See Borowiec v. Deutsche Bank Nat'l Trust Co.*, Cv. No. 11-00094 DAE-KSC, 2011 U.S. Dist. LEXIS 78809, *8-9 (D. Haw, July 19, 2011); *Beall*, 2011 U.S. Dist. LEXIS 76785, at *20. However, this approach seems to ignore 15 U.S.C. § 1640(a)(2)(A)'s provision for "not less than $400 or greater than $4,000" "in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling." Strangely, *Borowiec* reached its conclusion based upon what it understood as the *unambiguous* reading of section 1640, and *Beall* viewed subsection 1640(a)(2)(A) as a

---

[1] Where, for instance, a section 1641(g) violation occurs after a Notice of Default has already been recorded and after a homeowner stops paying on the mortgage in question, the link to a default and foreclosure (and any harm to a homeowner's credit or credit score resulting therefrom) cannot be established. *See Wilson v. Wells Fargo Bank*, No. C 11-03394 CRB, 2011 U.S. Dist. LEXIS 86611, *5-6 (N.D. Cal. Aug. 5, 2011).

4

*limitation* on the amount of actual damages provided for in subsection 1640(a)(1), though the latter subsection provides for liability for "*any* actual damage sustained by [the plaintiff] as a result of the [section 1641(g)] failure." 15 U.S.C. § 1640(a)(1) (emphasis added).

Addressing *Borowiec* first, the only way this Court could conclude that section 1640 unambiguously requires actual harm/damages would be if it were to stop reading the section upon reading subsection 1640(a)(1). As for *Beall*, even apart from the plain language of the statutory provisions, a reading of section 1640(a)(2)(A) as a *limitation* on section 1640(a)(1)'s actual damages provision as opposed to a provision for *statutory* damages, appears untenable. *See, e.g., Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 54-56 (2004) (indicating that section 1640(a)(2) is a statutory damages provision); *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 888 (9th Cir. Aug. 30, 2011) ("Pursuant to 15 U.S.C. § 1640(a)(2), a creditor who fails to comply with 'any requirement imposed' under the TILA, the FCBA, or the Consumer Leasing Act is liable for an award of *statutory damages*.") (emphasis added); *McDonald v. Checks-N-Advance, Inc. (In re Ferrell)*, 539 F.3d 1186, 1191 (9th Cir. 2008). Indeed, at least one court in this Circuit has found a section 1641(g) claim sufficient without any discussion at all of whether any actual damages had been claimed (perhaps because of its recognition that statutory damages would be available under section 1640(a)(2)(A) in any event). *See, e.g., Thepvongsa v. Regional Trustee Servs. Corp.*, No. C10-1045 RSL, 2011 U.S. Dist. LEXIS 7853, *31-32 (W.D. Wash. Jan. 26, 2011); *see also Vogan v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02098-JAM-KJN, 2011 U.S. Dist. LEXIS 132944, *12-14 (E.D. Cal. Nov. 17, 2011) (denying motion to dismiss section 1641(g) claim despite plaintiffs' failure to plead causal connection between actual damages and alleged section 1641(g) violation because plaintiffs had also pled statutory damages, which are obtainable under the section).

For the above-stated reasons, the Court would not adopt *Beall*'s approach (or the Movants' argument) on this claim. As a result, Movants have not identified any defect in Plaintiff's section 1641(g) claim. Because it, at a minimum, survives this motion, Plaintiff also has a viable claim under at least the "unlawful" prong of California Business and Professions Code § 17200. The motion to dismiss these two claims would

therefore be denied.

### D. Violation of 12 U.S.C. § 2605

Plaintiff bases her fourth claim for relief upon her having sent a QWR to EMC in late December 2010. *See* FAC ¶¶ 89-95. EMC failed to timely respond and failed to supply the information Plaintiff requested in her QWR. Movants contend that Plaintiff's section 2605 claim is deficient because Plaintiff failed to allege any damages. However, putting aside any doubt that an allegation of actual damages is actually an *element* of a section 2605 claim,[2] Movants' characterization of Plaintiff's allegations (or lack thereof) is quite plainly incorrect. *See id.* ¶¶ 96-98. Any causation disconnect between her alleged damages and the alleged section 2605 violation cannot be determined based on the pleadings.[3]

### E. Breach of Contract

Plaintiff alleges that BONY and EMC breached the Deed of Trust[4] by failing to apply payments Plaintiff made in accordance with the application priority set up by Section 2 of the Deed of Trust. Movants argue that the claim fails because 1) Plaintiff is in default and therefore did not substantially perform all of her obligations under the Deed of Trust and 2) the claim is insufficiently pled under *Twombly* and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

These arguments fail. There is no indication that Plaintiff's breach claim is limited to the time period following her default, meaning that her non-performance beginning with her non-payment cannot defeat the claim in its entirety. Moreover, short of requiring that Plaintiff turn the FAC into an accounting document, it is not clear what more Movants want in the way of facts. A conclusory breach of contract claim would be

---

[2] *See, e.g., Allen v. United Fin. Mortg. Corp.*, No. 09-2507 SC, 2009 U.S. Dist. LEXIS 83680, *16-18 (N.D. Cal. Sept. 15, 2009).

[3] At a minimum, it would seem that Plaintiff could establish a sufficient causal relationship between any failure to respond to the QWR and her having directed her mortgage payments to the wrong party. Although this is also one of the ways that Plaintiff attempts to demonstrate an actual controversy for purposes of her declaratory relief claim, the questions of 1) whether there is an *actual controversy* where no other party has informed Plaintiff that she has been paying the wrong party and 2) whether she has been *damaged* if in fact she has paid the wrong party, are slightly different questions.

[4] Although Movants do not argue the point, it is unclear how EMC can be charged with breaching the Deed of Trust when there is no allegation that EMC was a party to the Deed of Trust.

6

that Movants "breached the Deed of Trust"; here, Plaintiff has alleged how they breached the Deed of Trust – by failing to follow the payment priority set up in section 2 of the Deed of Trust. This is sufficiently factual and perfectly plausible. If it is incorrect substantively, Movants can demonstrate that at a later stage. The motion to dismiss this claim should be denied.

F. <u>Violation of 15 U.S.C. § 1692</u>

Plaintiff asserts that the false pretenses supporting her claim under the Fair Debt Collection Practices Act ("FDCPA") is BONY's assertion that it was assigned Plaintiff's debt when it actually was not and EMC's assertion that it could demand payments from her in accordance with BONY's assignment. *See* FAC ¶¶ 57-59. Although recorded documents indicate that BONY was assigned the debt, Plaintiff advances reasons to question whether that assignment accurately reflected the true state of affairs or whether it was instead part of a façade meant to hide an improper or uncompleted earlier attempt to assign. Unlike her declaratory relief claim, Plaintiff's FDCPA claim is directed at the recovery of damages due to this alleged falsehood, *see* Footnote 3, *supra*, not to effectively force a party to prove its ability to initiate foreclosure proceedings.

G. <u>Declaratory Relief</u>

It is difficult to understand Plaintiff's declaratory relief claim as anything other than an attempt to force her opponents to prove that they have the right and power to initiate foreclosure proceedings in connection with her home, an issue the California courts have indicated is not for a court to resolve in a case that does not appear to be meaningfully distinguishable from the situation involved here, at least for these purposes. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, *cert. denied*, __ S.Ct. __, 2011 U.S. LEXIS 7188 (2011); *see also Robinson v. Countrywide Home Loans, Inc.*, 199 Cal.App.4th 42, 46 (2011) ("We agree with the *Gomes* court that the statutory scheme ([Cal. Civ. Code] §§ 2924-2924k) does not provide for a preemptive suit challenging standing.").[5] Plaintiff asks that the Court make a finding and issue an order

---

[5] It is true that *Gomes* distinguished three cases by, in part, pointing out that – like the FAC here – the complaints in each of the three cases "identified a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party." 192 Cal.App.4th at 1156. However, the court also rejected those three cases because they were not controlling – they were federal district court opinions, two of them were unpublished, and two of them were from outside California – and concluded that there was "[n]o case law

7

stating that none of the defendants "have any right or interest in Plaintiff's Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiff's mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever." FAC ¶ 50. To the extent Plaintiff is simply concerned with whether there is any theoretical defect in BONY's position by way of assignment leading to a theoretical future chain of title problem, see id. ¶ 52, Plaintiff has no standing to merely challenge any asserted improprieties in the assignment process.[6] Any such impropriety has had no effect on her legal rights, as she still unquestionably owes payments on her mortgage (as she herself admits, see FAC ¶ 36).

      She speculates that if the current defendants are not the correct parties to collect her mortgage payments she may be exposed to competing payment demands in the future. But there is no indication that such a course of events has occurred yet, or even that there is any real threat of that occurring.[7] That controversy, therefore, and any damages she may suffer in connection therewith, are not yet ripe. Moreover, though she claims she disputes these defendants' present right to collect any mortgage payments, she is in default (as a result of unforeseen financial hardship), and she has not indicated that she is simply withholding payment because of her uncertainty concerning Movants' collection rights.[8]

---

or statute authoriz[ing]…a speculative suit" such as the one the plaintiff filed therein and that "California's nonjudicial foreclosure state is unambiguously silent on any right to bring the type of action" he advanced. *Id.* at 1155-56.

[6] Plaintiff directs the Court to an unpublished bankruptcy court decision that determined that the plaintiffs did "have a very practical stake in the legal effectiveness of the transfer of the deed of trust," apparently because "the legal effect of the transfer directly affects Defendants' ability to foreclose on Plaintiffs' home." *Chalgren v. Deutsche Bank Nat'l Trust Co. (In re Chalgren)*, Bankr. No. 09-56729 ASW, Adversary No. 10-5057, 2011 Bankr. LEXIS 3875, *22 (Bankr. N.D. Cal. Oct. 7, 2011). Yet, *Gomes* (a case *Chalgren* does not appear to have considered) indicates that such an action is not recognized under California law.

[7] Plaintiff also has not indicated 1) that she has attempted to negotiate with BONY concerning her mortgage and been told BONY does not have the ability or power to do so, or 2) why her concerns about her right to conduct discovery and to discover the true amount she still owes, see FAC ¶ 51, are not entirely speculative in the absence of allegations that she has attempted to enforce – and been denied – those rights with BONY. She comes closest to making such allegations in paragraphs 28 and 29 of the FAC, where she alleges that her efforts to pursue loan modification efforts with EMC – the servicer – went nowhere.

[8] Plaintiff does allege that she is ready, willing, and able to tender (in connection with a debt that she does not dispute she owes, other than to dispute the identity of to whom she owes that debt). See FAC ¶¶ 36, 43.

8

For these reasons, it is hard to reach any conclusion other than that Plaintiff's declaratory relief claim is without justification and should be dismissed without leave to amend. However, in light of the fact that other claims will survive this motion, the Court would grant the motion to dismiss with leave to amend but only when the issues are more crystallized in the future, if at all.

### III. Conclusion

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is dismissed without leave to amend. The motion to dismiss is also granted as to the declaratory relief claim, but with leave to amend in the future. Otherwise, the motion to dismiss is denied.

---

At this point in time, even were it germane to this analysis, that allegation is entirely conclusory and thus not yet "credible."